LEE GIN COMPANY, INC. v. ARCHILLION.

4-5533                                    129 S. W. 2d 952

Opinion delivered June 12, 1939.

*Reid & Evrard*, for appellant.

*Shane & Fendler*, for appellee.

HUMPHREYS, J. Appellee brought this suit in the chancery court of Mississippi county, Chickasawba district, against appellant, to impress her landlord's lien upon the proceeds of eight bales of cotton grown on her land by T. L. Wall, her tenant in 1937.

Appellant denied her right to impress the landlord's lien on the net proceeds of the cotton because she authorized her tenant, T. L. Wall, to sell and dispose of the crop.

The trial court, after hearing the evidence introduced by the parties, impressed her landlord's lien upon the net proceeds of the cotton in the amount of $232.57, from which is this appeal.

The facts are practically undisputed and are, in substance, as follows: Appellant took a mortgage on March 2, 1937, from T. L. Wall to secure future advances it might make to him which mortgage contains the following recital: "My entire interest in all cotton, corn and other agricultural products grown on the following lands in Mississippi county, Arkansas, S 22, T 15, R 11 East, belonging to Mrs. Archillion. Also one dark bay mule, about 9 years old, name Dock. One light bay mule about 10 years old, name Jim. One Jersey cow, color white, about 2 years old. One wagon, No. 3 Thornhill, and all other farming implements."

Mrs. Archillion owned the land and rented it to T. L. Wall for the year 1937 under a written rental contract for $450. Eight bales of cotton produced on the land were ginned by appellant. It bought one bale of the cotton on September 28, 1937, from Wall. On October 9, 1937, it assisted Wall in placing three bales of the cotton produced on the land in the government loan, receiving the proceeds and on October 21, 1937, assisted him in placing four bales of the cotton produced on the land, receiving the proceeds except $50 paid to Mrs. Archillion for rent by appellant. Appellant furnished T. L. Wall in 1937

and bought one bale, and put seven bales of the cotton produced on the land in the government loan. The seven bales were put in the government loan in Wall's name, representation being made by him that he was the owner thereof and that same was not subject to any lien, but as stated above appellant received the net proceeds thereof holding same in suspension until the determination of this suit and did not credit the amount on Wall's furnishing account. The amount received is not sufficient to pay either the balance of the rent due appellee or the furnishing account due appellant. The gross proceeds of the eight bales was $393.89, but after paying Wall for picking, deducting the charges for ginning and the $50 check it paid appellee on rent it left a net amount retained by appellant of $232.57.

Appellant admits that the evidence is sufficient to show it knew or should have known that the land belonged to appellee and if she had not waived same was entitled to the landlord's lien on the net proceeds in its hands for the balance due her, so it is unnecsary to set out the evidence pro and con on that issue.

There was no written or oral waiver of rents by appellee to appellant. She knew that Wall was ginning with appellant and selling it there. She admitted that she allowed Wall to gin where he pleased and to sell the cotton to whom he pleased and pay her the rent out of the proceeds.

Appellant contends for a reversal of the decree because appellant testified that her tenants were free to take their cotton where they wanted to and to sell it to whomsoever they pleased. They argue that she waived her lien by giving her tenants the right to sell the cotton and they quoted the following question and answer in support of the waiver of the lien:

"Q. Then you have always permitted your tenants to sell cotton without making you a party to the sale and then to pay you from the proceeds of the cotton?

"A. Yes."

Its position is not sound for the reason that it was not a purchaser in the open market without any knowledge

of the landlord's lien. In other words they were not *bona fide* purchasers and did not part with any money in payment of the cotton when they purchased it. They assisted Wall in converting the cotton by acting as his agent in placing the cotton in the government loan. The proceeds from the government loan was not collected by Wall. Appellant retained the amount and still holds it and has never credited the amount on Wall's account. We think the instant case is ruled by *Fletcher* v. *Dunn*, 188 Ark. 734, 67 S. W. 2d 579, in which this court said: "Mere knowledge that her tenant was being furnished supplies by another would not be sufficient to constitute a waiver of appellee's lien. . . . Neither would the fact that appellee knew that appellants were receiving the cotton be a circumstance to estop her from asserting her lien. It was in evidence that the appellants knew that the tenant was farming appellee's land, and she might well assume that they would not attempt to convert the proceeds of the crops to her prejudice, and her acquiescence in their conduct is not shown to have worked any harm to them or placed them in a situation less advantageous than they would have been had she objected to their handling the cotton."

No error appearing, the decree is affirmed.